IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Branden Huertas, | C/A No.: 2:25-cv-3777-SAL |
| Plaintiff, | |
| v. | |
| Sharon Myers, Captain, | **ORDER** |
| Defendant. | |

Plaintiff Branden Huertas, proceeding pro se and in forma pauperis, filed this Amended

Complaint alleging a violation of his Sixth Amendment rights under 42 U.S.C. § 1983. [ECF No.

10.] This matter is before the court for review of the Report and Recommendation of Magistrate

Judge Mary Gordon Baker (the "Report"). [ECF No. 19.] Judge Baker recommends that this action

be summarily dismissed because the Amended Complaint fails to state a claim upon which relief

may be granted. *Id.* at 4–6. And while Judge Baker gave Plaintiff time to correct the deficiencies

in his Amended Complaint, he did not do so. *Id.* For the reasons that follow, the court adopts the

Report and summarily dismisses this case.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo

determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

review, an objecting party must object with sufficient specificity to reasonably alert the district

1

court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its adoption of the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, which the court incorporates by reference. Briefly, Plaintiff alleges that Defendant read his legal mail out loud in front of other inmates, despite his objections. *See* ECF No. 19 at 2–3. Defendant eventually stopped and returned the mail to Plaintiff. *Id.* But Plaintiff claims this conduct "violated his Sixth Amendment rights and caused him to experience 'night terrors, severe mental duress and flashbacks triggering [his] PTSD . . . .'" *Id.* (quoting ECF No. 10 at 4, 6).

The magistrate judge advised Plaintiff that his Amended Complaint was deficient and allowed him additional time to cure the deficiencies, giving him a final deadline of September 15, 2025. Plaintiff did not respond by that deadline. [ECF Nos. 12, 17.] On September 26, 2025, the magistrate judge filed her Report recommending summary dismissal of this case. [ECF No. 19.] The Report explains that, to state a Sixth Amendment violation based on interference with legal mail, an inmate must show that there was "some actual harm or prejudice to his ability to communicate with the court or counsel." *Herriott v. Burton*, No. 6:21-cv-941-DCN, 2023 WL 1420029, at *5 (D.S.C. Jan. 21, 2023). But here, Plaintiff's allegations about Defendant's actions are conclusory and fail to identify the content of the mail or any resulting interference with legal proceedings. And his only asserted injury, mental duress, is insufficient to show "interference with communications with counsel or a court or a loss of an ability to litigate." *Id.* at *7. The magistrate judge states, "as [she] previously warned Plaintiff . . . , his cursory allegations fail to state an actionable constitutional violation under the Sixth Amendment." [ECF No. 19 at 6.]

Shortly after the Report was filed, Plaintiff submitted a Second Amended Complaint, mailed on September 22, 2025. [ECF No. 22.] The Second Amended Complaint is almost identical to the Amended Complaint, but there are some additional allegations. *Cf.* ECF Nos. 10, 22. On October 20, 2025, the court received Plaintiff's response to the Report, which the court construes as Plaintiff's objections to the recommended dismissal. [ECF No. 23.] There, Plaintiff states that his case should proceed based on his Second Amended Complaint, and he asserts Defendant violated his rights by interfering with communications with counsel in a pending case. *Id.* at 1.

Having reviewed the Report, the Second Amended Complaint, and Plaintiff's reply, the court accepts the Second Amended Complaint but finds Plaintiff's amendments fail to cure the deficiencies in his pleadings. Although Plaintiff now offers more detail about the subject matter of

the mail—alleging the mail related to his status as a sexual assault victim, ECF No. 22 at 13—the Second Amended Complaint still fails to allege a constitutional violation. Plaintiff alleges Defendant's actions violated his Sixth Amendment right to counsel, which provides in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. While the Fourth Circuit has recognized that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case[,]" *Altizer v. Deeds*, 191 F.3d 540, 549 n.14 (4th Cir. 1999), Plaintiff has not alleged that the letter from his attorney concerned any pending criminal matters. In his Second Amended Complaint, he alleges the letter relates to his status as a sexual assault survivor. [ECF No. 22 at 13.] He also references a letter from his attorney, Kelly Reardon, a lawyer at a Connecticut personal injury and wrongful death law firm. *See id.* In her letter, Reardon states that she represents Plaintiff and has not given permission to any detention center staff to open and read Plaintiff's mail. *See* ECF No. 10-2 at 1. Neither Plaintiff nor Reardon suggest she represents Plaintiff in a criminal matter. Thus, even liberally construed, Plaintiff's cursory allegations fail to state an actionable constitutional violation under the Sixth Amendment. *See* ECF No. 19 at 5–6.

As explained here and in the Report, this case must be summarily dismissed. Because the court finds dismissal appropriate, the court denies Plaintiff's pending motion to compel and motion for discovery. ECF Nos. 28, 29.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, the court adopts and incorporates the Report. [ECF No. 19.] Accordingly, this case is **DISMISSED**

**WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND**. Plaintiff's motion to compel and motion for discovery, ECF Nos. 28, 29, are **DENIED**.

      **IT IS SO ORDERED.**

March 30, 2026                                    Sherri A. Lydon
Columbia, South Carolina                  United States District Judge